Dear Judge Conner:
This office is in receipt of your request for an Opinion from the Attorney General on whether a justice of the peace must resign his/her office in order to qualify for or seek another political office. The answer to your question is generally yes.
LA.REV.STAT. § 42:63 pertinently prohibits any person holding an elective office from simultaneously holding another elective office, appointive office, or employment in the government of a foreign country, in the government of the United States, or in the government of another state.[1] While LA.REV.STAT. § 42:63 provides several exceptions to the aforementioned, general rule, none of those exceptions appear to apply to you as a justice of the peace. Accordingly, it would appear as though a justice of the peace (as an elected official) would, in fact, have to resign his/her office in order to hold another political office. But it does not immediately appear as though a justice of the peace would have to resign his/his office in order to simply qualify for and/or seek another political office.
The aforementioned is tempered by the fact that justices of the peace are considered judges and, accordingly, are subject to the Code of Judicial Conduct. Cannon 7 of the Code provides, ". . . a judge should resign his office when he becomes a candidate. . . for a non-judicial office." The Cannon employs the adverb "should", a discretionary term, rather than a mandatory term, such as `shall' or `must'. Also, the Cannon does not define exactly when a judge becomes a candidate. Accordingly, justices of the peace should seek an opinion from the Judiciary Commissioner as to whether and when they must resign from their office (as justice of the peace) in order to run for another office. *Page 2 
If we may be of further assistance, please do not hesitate to contact the undersigned.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 DAVID A. YOUNG Assistant Attorney General
 JDC: DAY *Page 1 
 ATTACHMENT
West's Louisiana Statutes Annotated Currentness
Louisiana Revised Statutes
Title 13. Courts and Judicial Procedure (Refs Annos)
Chapter 4. District Courts-Orleans Parish Excepted (Refs Annos)
Part IV. Clerks
Subpart C. Fees (Refs Annos)
 § 841.3. Fees; clerk for the Forty-First Judicial District; collection
The clerk of the Forty-First Judicial District Court shall collect the fees set forth in R.S. 13:1213.1 and shall deposit no less than sixty percent of the amounts collected in the Clerk's Operational Fund. The remaining funds shall be deposited in the Consolidated Judicial Expense Fund.
CREDIT(S)
Added by Acts 2006, No. 621, § 2, eff. June 23, 2006.
PARISH OF ORLEANS COURT CONSOLIDATION; DATE EFFECTIVE-ACTS 2006, NO. 621
Acts 2006, No. 621 (§ 2 of which enacted this section) consolidates the courts and certain officers of the parish of Orleans. See the text of Act 621 preceding Chapter 1 of R.S. Title 13 (preceding R.S. 13:1).
Sections 21, 24, and 30 of Acts 2006, No. 621 provided: "Section 21. (A) This Section, Sections 5 through 20, of this Act shall become effective upon signature by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided by Article III, Section 18 of the Constitution of Louisiana. If this Act is vetoed by the governor and subsequently approved by the legislature, the provisions of this Section, Sections 5 through 20, of this Act shall become effective on the day following such approval.
"(B) For purposes of qualification and election of one clerk of the Forty-First Judicial District Court as provided therein, the provisions of R.S. 13:751.1(A)(1) as enacted by Section 2 of this Act and the provisions of Section 19 of this Act shall become effective upon signature by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided by Article III, Section 18 of the Constitution of Louisiana. If vetoed by the governor and subsequently approved by the legislature, such provisions shall become effective on the day following such approval. The provisions of R.S. 13:751.1(A)(2), 751.2, 751.3, 759, 841.3, 846(A), and 901 of Section 2 of this Act shall become effective for all purposes when the clerk of court elected in 2010 takes office.
"(C) Section 2 of this Act shall become effective on January 1, 2009."
"Section 24. All fees and costs assessed or collected by the clerk of the Civil District Court, clerk of *Page 2 
LSA-R.S. 13:841.3 the Criminal District Court, the civil sheriff, or the criminal sheriff for the parish of Orleans in effect on the effective date of this Section are continued and shall be assessed and collected in accordance with the provisions of law then in effect."
"Section 30. The provisions of R.S. 13:751.4 and 841.3 of Section 2 of this Act shall become effective upon signature by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided by Article III, Section 18 of the Constitution of Louisiana. Until a single clerk for the Forty-First Judicial District Court is elected, the clerk shall mean the clerk of the Civil District Court and the clerk of the Criminal District Court. All fees and costs assessed or collected by the clerk of the Civil District Court or the clerk of the Criminal District Court for the parish of Orleans in effect on the effective date of this Section are continued and shall be assessed and collected in accordance with these provisions. On or after January 1, 2009, the sixty percent in R.S. 13:841.3
may be renegotiated by the clerk and chief judge of the Forty-First Judicial District Court, but shall not be reduced below fifty percent of the civil filing fees collected by the clerk."
Acts 2006, No. 621 was approved by the governor on June 23, 2006. Section 24 of Act 621 became effective on that date.
LSA-R.S. 13:841.3, LA R.S. 13:841.3
Current through the 2007 Regular Session
[1] See LA.REV.STAT. §§ 42:63(A)(1) and (C).